# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL SUGARMAN,<br><br>           Plaintiff,<br><br>   v.<br><br>MARK PAZIN, et al.,<br>           Defendants. | 1:11-cv-01757 AWI GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.      Screening Requirement**

Plaintiff is a Merced County Jail inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 9, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

1

exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

### A.     Summary of Complaint

Plaintiff is currently housed at the Merced County Jail. Plaintiff names as defendants in this action Sheriff Mark Pazin, the Merced County District Attorney, and other unidentified individuals. Plaintiff fails to set forth any specific allegations as to any of the defendants.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743.44).

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555-56 (internal quotation

1  marks and citations omitted).  To adequately state a claim against a defendant, a plaintiff must set
2  forth the legal and factual basis for his claim.

3  Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to
4  hold an individual defendant liable, Plaintiff must name the individual defendant, describe where
5  that defendant is employed and in what capacity, and explain how that defendant acted under color
6  of state law.  Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must
7  describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

8  Plaintiff is advised that when a prisoner challenges the legality or duration of his custody, or
9  raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy
10 is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d
11 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).

12 **III.     Conclusion and Order**

13 Plaintiff's complaint fails to charge any individual defendant with any actionable conduct,
14 and therefore fails to state a claim upon which relief may be granted.  The Court will grant Plaintiff
15 one opportunity to file an amended complaint that states a claim for relief.  Noll v. Carlson, 809 F.2d
16 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new,
17 unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no
18 "buckshot" complaints).

19 Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
20 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
21 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
22 pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
23 complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing
24 to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
25 1474.

26 Based on the foregoing, it is HEREBY ORDERED that:
27 1.     Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
28 2.     The Clerk's Office shall send to Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: July 20, 2012                    /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE